IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, NEW YORK IMMIGRATION COALITION, NORTHWEST IMMIGRANT RIGHTS PROJECT, ONEAMERICA, MICHIGAN ORGANIZING PROJECT, and MIGRANT JUSTICE,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>　　　　　　Defendants. | Civil Action No. 1:17–cv–2142-CRC |

## DEFENDANTS' MOTION FOR TEMPORARY STAY OF BRIEFING SCHEDULE

Defendants Department of Homeland Security, et al. ("Defendants" or "Agency"), by and through undersigned counsel, hereby respectfully files this motion for temporary stay of briefing schedule in this case. Undersigned counsel has consulted with counsel for Plaintiffs and Plaintiffs object to the relief requested. Good cause exists to grant this motion.

The requested relief is necessary primarily because, during a quality assurance check of the search and production in preparation of dispositive motions in this matter the Defendants recently identified several deficiencies that would undermine the efficacy of dispositive motion briefing at this juncture. Specifically, during discussions with the agency this week and through a review of the current declaration and Vaughn Indices it was discovered that there are significant gaps in the search parameters and processing of possible responsive information.

The CBP agency recently has been inundated with FOIA requests in FY17 and FY18 that threaten to compromise the agency's ability to effectively respond to FOIA requests and complete its overall mission in general. For example, the CBP FOIA Division has received over 100 FOIA requests since January 2017 just related to Executive Order 13,769, dated January 27, 2017, and/or Executive Order 13,780, dated March 6, 2017, both entitled "Protecting the Nation from Foreign Terrorist Entry Into the United States." In addition to the myriad requests related to Executive Order 13,769 and 13,780, the FOIA Division has received at least 102 requests related to President Trump's plan to build a Border Wall, seven of which are currently in litigation. Of the requests in progress with respect to these two subjects alone, approximately 30 are currently in litigation across the country. Patrick Howard Declaration ¶¶ 33-36.

In an effort to minimize the impact of the unexpectedly large volume of FOIA requests, the agency has been forced to enlist the help of personnel with significantly less FOIA experience than would normally be the case. *Id.* at ¶¶ 41-43. Specifically, this matter has been transferred multiple times between agency personnel. These realities have led to inadvertent but now identifiable errors that were only discovered recently that will require further search and processing in order to properly determine what issues are before the Court. As a result, the defendants must request an brief stay of the briefing schedule to address these deficiencies.

Additionally, the agency has placed additional experienced personnel to assist on this matter in an effort to prevent a repeat of the current errors in this matter. In lieu of an indefinite Stay of this matter, however, the Defendants endeavor to continue the production of information to Plaintiff so that parties and the Court can know what is actually at issue in this matter as soon as possible.

Specifically, in order to conserve judicial and the parties' resources and also continue to produce information, Defendants propose the following:

As to the 2012 requests:

- CBP has made digital copies of the documents produced as a result of the 2012 requests. Approximately 1000 pages of documents have been identified for review. Two Government Information Specialists are in the process of doing a new review of those documents.
- CBP agrees to process 300 pages of responsive documents from this new review to Plaintiffs by April 27, 2018.
- The remaining responsive documents from the new review will be produced to the Plaintiff on a rolling basis thereafter, to be completed by June 28, 2018.

As to the 2017 request:

- CBP is in the process of re-formulating its search to identify responsive documents for review. Due to strained and limited FOIA resources, as well as the overwhelming demands on CBP computer systems required for eDiscovery processing, CBP is not sure at this point, as to when the universe of responsive documents will be identified. CBP will provide the Plaintiff with updates every two weeks regarding the status of its search.
- Once the universe of responsive documents is identified, Defendant will work with Plaintiffs to establish an appropriate production schedule which takes into consideration the significant demands which have been placed on CBP's very limited FOIA resources.

Defendants regret the initial delay this will cause, however believes that allowing for the correction of these inadvertent errors will ultimately conserve judicial resources. Accordingly, Defendants respectfully request that the briefing schedule be stayed with the Defendants filing Status reports every 30 days indicating the status of production and when production will be

complete, starting May 28, 2018.[1] Within 14 days after completion of production of all responsive material, Defendant proposes that the parties file a Joint Status report indicating whether briefing on the merits will be necessary and if so, the proposed schedule to complete briefing.

WHEREFORE, Defendants respectfully request that the Court grant this motion and temporarily stay the briefing schedule in this case.

Respectfully submitted,

JESSIE K. LIU
D.C. BAR # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: */s/ Benton G. Peterson*
BENTON G. PETERSON, BAR # 1029849
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2534

*Attorneys for Defendants*

---

[1] Defendants are unable to accurately predict when production will be complete concerning the 2017 request at this time  because it plans on undertaking the search anew and currently does not have an accurate estimate of the universe of documents.